IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAIAH J. WALKER, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 210, 2014 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1007020527 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted:  October 15, 2014
Decided:   December 4, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 4th day of December 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    The defendant-appellant, Isaiah Walker, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Walker's counsel on appeal has filed a no-merit brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Walker filed a response to his attorney's presentation raising one issue for the Court's consideration on appeal.  His sole contention is that his trial

counsel was ineffective for failing to file a direct appeal on his behalf.[1] The State has responded to this issue and to the position taken by Walker's counsel and has moved to affirm the Superior Court's judgment. We find no merit to Walker's appeal. Accordingly, we affirm.

(2) The record reflects that Walker broke into his adoptive father's home on July 23, 2010 and bludgeoned his father and his grandmother with a hammer while they slept. He fled in his father's car. When police arrived, both victims were in critical condition. Both lived but were institutionalized due to their traumatic injuries. Police later arrested Walker while he was driving the stolen vehicle. He had blood on him. He later confessed to the attacks.

(3) On May 11, 2011, Walker pled guilty to Attempted Murder in the First Degree, Assault in the First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, Burglary in the First Degree, and Theft of a Motor Vehicle. The Superior Court sentenced Walker to life imprisonment on the attempted murder conviction plus an additional period of twenty-one years at Level V incarceration on his remaining convictions. After his direct appeal was dismissed as untimely,

---

[1] To the extent that Walker raised additional issues in the Rule 61 motion he filed in the Superior Court, his failure to reassert those issues in response to his appellate counsel's Rule 26(c) brief constitutes a waiver of those claims on appeal. *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

Walker filed a motion for postconviction relief. The Superior Court appointed counsel to represent him. Counsel later moved to withdraw. The Superior Court granted the motion to withdraw and denied postconviction relief on March 31, 2014. This appeal followed.

(4) Walker's counsel on appeal has filed a no-merit brief and a motion to withdraw under Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(5) Walker's sole contention on appeal is that his trial counsel was ineffective for failing to file a direct appeal on his behalf. To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the familiar *Strickland* test. That is, "[a] defendant must first show that that his counsel's representation fell below an objective standard of reasonableness. Second,

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

the defendant must show that the deficient performance prejudiced the defense."[3]

(6)     In this case, trial counsel filed an affidavit in response to Walker's claim of ineffectiveness and denied that Walker had requested him to file an appeal. The Superior Court accepted that representation and concluded that counsel did not commit any error under the circumstances. Moreover, the Superior Court also determined that Walker's claim failed on the second prong of the *Strickland* standard because he could not establish any prejudice even assuming counsel failed to file an appeal. We agree.

(7)     A review of the record in this case reflects that Walker entered his guilty plea knowingly, intelligently, and voluntarily. Walker does not argue on appeal that his guilty plea was defective in any way. Accordingly, the only arguable claim that counsel could have raised on direct appeal would have been a challenge to Walker's sentence. Our review of sentences on direct appeal, however, is limited.[4] Walker's signed plea agreement reflects his understanding that the maximum sentence he could have received was life in prison plus 100 years. He stated under oath that no one had promised him what his sentence would be. The Superior Court

---

[3] *Neal v. State*, 80 A.3d 935, 941-42 (Del. 2013) (internal quotations omitted).

[4] *Cruz v. State*, 990 A.2d 409, 416 (Del. 2010).

4

sentenced him to life imprisonment plus twenty-one years. His sentence thus was within statutory limits. Under these circumstances, we find no cause or prejudice from counsel's failure to file a direct appeal.

(8)	This Court has reviewed the record carefully and has concluded that Walker's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Walker's counsel has made a conscientious effort to examine the record and the law and has properly determined that Walker could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice