IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC A. GRAY, | § | |
| | § | |
| Defendant Below- | § | No. 44, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1506002258 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 17, 2017
Decided: May 12, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 12th day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Eric Gray, filed this appeal from the Superior Court's December 30, 2016 order sentencing him for a violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gray's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Gray pled guilty on July 1, 2015 to one count of Drug Dealing with an aggravating factor under 16 *Del C.* § 4753(2). The

Superior Court sentenced him to fifteen years at Level V incarceration, to be suspended after eighteen months for six months at Level IV work release and one year at Level III probation. The sentencing order provided that Gray was to be evaluated for substance abuse and ordered him to follow all recommendations for counseling, testing, and treatment at all custodial levels.

(3) While serving the Level IV portion of his sentence at the Morris Community Corrections Center, Gray was charged with a violation of probation when he was found in possession of contraband (cigarettes and K-2, a form of synthetic marijuana) on December 13, 2016. The violation report included a history of Gray's supervision at Level IV and set forth five previous program violations, including a February 2016 violation for possession of cigarettes and K-2. The violation report also recounted an incident in May 2016 when Gray was admitted to the intensive care unit at Kent General Hospital, although Gray was not charged with a program violation for consuming a controlled or dangerous substance.

(4) The Superior Court held a contested VOP hearing on December 30, 2016. Gray was represented by counsel. After the hearing, the Superior Court found Gray in violation and sentenced him to thirteen years and six months at Level V incarceration, to be suspended upon successful completion of the Key Program for decreasing levels of supervision. Gray appeals his VOP sentence.

(5) In his opening brief on appeal, Gray argues that the evidence was insufficient to prove that he violated probation and that the Superior Court abused its discretion in sentencing him. Specifically, Gray asserts that the probation officer's statements were insufficient proof that he possessed drugs and that the Superior Court abused its discretion in finding that he had violated probation without any positive test results proving that Gray had possessed or used drugs. Gray also asserts that his VOP counsel was ineffective for failing to challenge the sufficiency of the evidence. Finally, Gray contends that the Superior Court abused its discretion by sentencing him without first ordering a case study under 11 Del. C. § 4301 to determine if he needed drug treatment, by failing to follow the sentencing guidelines, and by failing to impose a fixed period of probation or suspension of sentence.

(6) At a VOP hearing, if a defendant denies violating his probation, the State must present some competent evidence to reasonably satisfy the judge that the defendant's conduct has not been as good as required by the conditions of his probation.[1] We review the trial court's finding of a VOP for abuse of discretion.[2] As the appealing party, the appellant is required to provide this Court with a copy of the transcript necessary to review any claims raised on appeal.[3] Gray failed to

---

[1] *Jenkins v. State*, 8 A.3d 1147, 1152-53 (Del. 2010).
[2] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010).
[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

request a transcript of the VOP hearing for this appeal. To the extent Gray challenges the sufficiency of the evidence presented at the VOP hearing, we are unable to review his claim without a transcript of the hearing. Thus, the record on appeal provides no basis for the Court to conclude that the Superior Court abused its discretion in finding that Gray committed a VOP. Moreover, with respect to his claim that counsel was ineffective for failing to challenge the sufficiency of the evidence at the VOP hearing, this Court will not consider such a claim for the first time on direct review even if Gray had provided the necessary transcript.[4]

(7)     Gray's remaining claim is that the Superior Court erred by sentencing him without first ordering a case study to determine his treatment needs, by failing to sentence him in accordance with the SENTAC guidelines, and by failing to impose a fixed period of probation or suspension of sentence. We find no merit to Gray's assertions.

(8)     This Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[5] Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6] In this case, the

---

[4] *Foster v. State*, 2009 WL 1456992 (Del. May 26, 2009).
[5] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).
[6] 11 Del. C. § 4334(c) (2007).

4

Superior Court reimposed the balance of the Level V time remaining on Gray's sentence, but suspended all of it upon his successful completion of the Level V Key program. This sentence was well within statutory limits, was not excessive, and in no way reflects a closed mind by the sentencing judge.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[7] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).