IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERT B. McCULLOUGH, §
§
Defendant Below- § No. 51, 2017
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID Nos. 1408018146 and
Plaintiff Below- § 1408018135
Appellee. §

Submitted: March 17, 2017
Decided: May 16, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 16th day of May 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Robert McCullough, filed this appeal from the Superior Court's January 6, 2017 order sentencing him for his second violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of McCullough's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that McCullough pled guilty on May 19, 2015 to one count of Operating a Clandestine Drug Lab and one count of Burglary in the

Third Degree, which were charged under two separate indictments. On the drug lab conviction, the Superior Court immediately sentenced McCullough, effective August 22, 2014, to fifteen years at Level V imprisonment, suspended immediately for eighteen months at Level II Teen Challenge. On the burglary conviction, McCullough was sentenced to three years at Level V, suspended immediately for one year at Level II probation.

(3) After the Superior Court modified McCullough's sentence on March 10, 2016 to add a zero tolerance provision for drug use, McCullough was charged with his first VOP. On May 13, 2016, the Superior Court sentenced McCullough on his drug lab conviction, effective April 25, 2016, to fifteen years at Level V, suspended immediately for one year at Level IV Crest, to be suspended upon successful completion of Level IV for one year at Level III Crest Aftercare. The VOP sentence on the burglary conviction did not change.

(4) On December 21, 2016, McCullough was charged with his second VOP. The violation report alleged that McCullough had reported to his Level III probation officer on December 14, 2016, within three days of his release from Level IV supervision at the Morris Community Corrections Center ("MCCC"). McCullough told his probation officer that he had used heroin that possibly had been laced with cocaine while he was at MCCC. McCullough told his probation officer that he had reported his drug use to correctional officers at MCCC before

2

he was required to provide a urine sample. The probation officer was able to obtain McCullough's urine screen results from MCCC. The results indicated that McCullough had tested positive for multiple narcotics on December 10, 2016. Moreover, the violation report stated that McCullough signed an admission form on December 20, 2016, admitting to his heroin use while under MCCC's supervision.

(5) The Superior Court held a VOP hearing on January 6, 2017. McCullough was represented by counsel. The Superior Court found McCullough in violation and sentenced him on the drug lab conviction, effective December 20, 2016, to fifteen years at Level V incarceration, to be suspended upon successful completion of the Key Program for one year at Level III probation. On the burglary charge, the Superior Court again sentenced McCullough to three years at Level V incarceration, to be suspended for one year at Level III probation. McCullough appeals his VOP sentence.

(6) McCullough arguably raises three issues in his opening brief on appeal. First, he contends that the Superior Court's VOP sentence failed to credit him with all of the time that he previously served in prison on his sentence. Second, McCullough asserts that the Superior Court erred in failing to do a case study before sentencing him. Finally, McCullough argues that the evidence was insufficient to prove that he violated his Level III probation.

(7)  In order to prove that a defendant violated his probation, the State must present some competent evidence to reasonably satisfy the judge that the defendant's conduct has not been as good as required by the conditions of his probation.[1]  We review the trial court's finding of a VOP for abuse of discretion.[2]  As the appealing party, the appellant is required to provide this Court with a copy of the transcript necessary to review any claims raised on appeal.[3]  McCullough failed to request a transcript of the VOP hearing for this appeal.  Thus, to the extent McCullough challenges the sufficiency of the evidence presented at the VOP hearing, we are unable to review his claim without a transcript of the hearing.

(8)  To the extent McCullough is arguing that he could not be charged with a violation by his Level III probation officer for a drug test that he had failed while at Level IV, McCullough is incorrect.  The Superior Court's March 10, 2016 sentencing order added a zero tolerance provision for drug use.  That condition applied to all levels of McCullough's sentence and was reimposed when McCullough was sentenced for his first VOP in May 2016.  The Superior Court properly could find that McCullough had committed his second VOP for drug use that he admitted to engaging in on December 10, 2016 while he was at MCCC.

---

[1] *Jenkins v. State*, 8 A.3d 1147, 1152-53 (Del. 2010).
[2] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010).
[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

(9)    McCullough also claims that the Superior Court erred by sentencing him without first ordering a case study to determine his treatment needs and by failing to credit him with all of the time he previously served on his sentence. This Court previously has held that the Superior Court is not required to obtain a case study before sentencing a defendant for a VOP.[4] Moreover, McCullough did not raise his credit time issue to the Superior Court in the first instance.[5] It appears from the face of the January 6, 2017 sentencing order that the Superior Court may not have credited McCullough with time that he had previously served at Level V on his original sentence.[6] However, because McCullough did not raise this claim below, the record on appeal is insufficient for this Court to determine what credit McCullough may be due.

(10)    This Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[7] Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[8] In this case, the

---

[4] *Smith v. State*, 2017 WL 1399749 (Del. Apr. 18, 2017).
[5] *See* Del. Supr. Ct. R. 8.
[6] For example, the Superior Court's original sentencing order, dated May 19, 2015, was made effective as of August 22, 2014, reflecting that McCullough may have served nine months in prison before he initially pled guilty and was sentenced. The Superior Court's subsequent modified sentencing orders and VOP order do not reflect credit for that time.
[7] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).
[8] 11 Del. C. § 4334(c) (2007).

Superior Court incorrectly reimposed all of the Level V time from McCullough's original sentence, but suspended all of it upon his successful completion of the Level V Key program. Although the fifteen-year limit on McCullough's sentence should be amended to reflect McCullough's previous time served, the suspended portion of McCullough's VOP sentence was well within statutory limits, was not excessive, and in no way reflects a closed mind by the sentencing judge.[9] To the extent McCullough is due credit for time previously served, he must raise that issue to the Superior Court in the first instance by filing a motion for credit time so that the Superior Court can make the factual determination of what credit McCullough is due.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[9] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

6