IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLTON KILSON, | § | |
| | § | |
| Defendant Below- | § | No. 103, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1302018916 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 16, 2017
Decided: July 6, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 6th day of July 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Carlton Kilson, filed this appeal from the Superior Court's February 9, 2017 Order sentencing him for his second violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kilson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Kilson pled guilty in June 2014 to Assault in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony. On July 10, 2014, the Superior Court sentenced Kilson on the assault

charge, effective February 26, 2013, to eight years at Level V incarceration, suspended after two years for six years at Level IV, suspended after six months for two years at Level III probation. On the weapon charge, the Superior Court sentenced Kilson to two years at Level V.

(3) Kilson was charged with his first VOP in September 2016. After a hearing, the Superior Court sentenced Kilson on the assault charge, effective August 23, 2016, to six years at Level V, suspended after 45 days for five years, ten months, and 15 days at Level IV Home Confinement, suspended after six months for one year at Level III probation.

(4) On January 4, 2017, Kilson was charged with his second VOP. The violation report alleged that Kilson had tested positive for alcohol consumption on December 15, 2016 and December 22, 2016. Kilson told his probation officer that his urinalysis was positive because he had taken his host's prescription cough medicine. The violation report asserted that Kilson had violated his probation by consuming alcohol or prescription medication that was not prescribed to him and that such consumption was prohibited by the terms of his probation.

(5) The Superior Court held a VOP hearing on February 9, 2017. Kilson was represented by counsel. The Superior Court found Kilson in violation and sentenced him, effective December 30, 2016, to six years at Level V incarceration,

2

to be suspended after six months for one year at Level III probation. Kilson appeals his VOP sentence.

(6) In his opening brief on appeal, Kilson asserts that he was wrongly charged with a VOP for consuming an over-the-counter cough medicine, which his probation officer allegedly had approved. Kilson also asserts that he suffers from hypothyroidism, which he alleges can cause false positive urine tests for alcohol consumption. Kilson also contends that the Superior Court's six-month sentence was excessive under the circumstances.

(7) In order to prove that a defendant violated his probation, the State must present some competent evidence to reasonably satisfy the judge that the defendant's conduct has not been as good as required by the conditions of his probation.[1] We review the trial court's finding of a VOP for abuse of discretion.[2] As the appealing party, the appellant is required to provide this Court with a copy of the transcript necessary to review any claims raised on appeal.[3] Kilson failed to request a transcript of the VOP hearing for this appeal. Thus, to the extent Kilson challenges the sufficiency of the evidence presented at the VOP hearing, we are unable to review his claim without a transcript of the hearing.

---

[1] *Jenkins v. State*, 8 A.3d 1147, 1152 (Del. 2010).
[2] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010).
[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

3

(8)     Kilson also claims that the Superior Court erred by sentencing him to six months at Level V.  But, this Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[4]  Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]  In this case, the Superior Court only reimposed six months of the almost six years of suspended Level V time remaining from Kilson's original sentence.  We find no merit to Kilson's argument that his VOP sentence was excessive.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] 11 Del. C. § 4334(c) (2015).