IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT KIBLER, | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 138, 2018 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K1408013727 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: June 6, 2018
Decided: July 30, 2018

Before **STRINE**, Chief Justice; **SEITZ**, and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Robert Kibler, filed this appeal from the Superior Court's February 12, 2018 order sentencing him for his third violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kibler's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Kibler pled guilty on April 29, 2015 to one count of Drug Dealing. The Superior Court sentenced Kibler to eight years at Level V imprisonment, suspended after serving six months for one year at Level III

probation. After his first VOP, the Superior Court added a condition to Kibler's sentence imposing zero tolerance for substance abuse or missed probation appointments.

(3) On January 10, 2018, Kibler was charged with his third VOP. The violation report alleged that Kibler had admitted to his probation officer that he had used crack cocaine and consumed three 24 ounce cans of beer on January 5, 2018, violating the zero tolerance provision of his sentence.

(4) The Superior Court held a VOP hearing on February 12, 2018. Kibler was represented by counsel. The Superior Court found Kibler in violation and sentenced him to six years and six months at Level V incarceration, to be suspended upon successful completion of the Key Program for decreasing levels of supervision. Kibler appeals.

(5) Kibler's only argument on appeal is that he has already completed the Key Program and that the judge cut him off and did not give him a chance to explain himself at the VOP hearing. The relief that he asks for on appeal is to have the Level IV Crest Program eliminated from his sentence.

(6) We review the trial court's finding of a VOP for abuse of discretion.[1] Kibler does not dispute that he violated the terms of his probation. His sole issue on appeal relates to his sentence. To the extent that Kibler asserts that the judge refused

---

[1] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010).

2

to let him explain himself and thus sentenced him with a closed mind, we are unable to review the factual basis of Kibler's claim. As the appealing party, the appellant is required to provide this Court with a copy of the transcript necessary to review any claims raised on appeal.[2] Kibler failed to request a transcript of the VOP hearing for this appeal.

(7) The Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[3] Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4] In this case, the Superior Court's VOP sentence did not exceed the balance of Level V time remaining on Kibler's sentence.[5] We find no basis to grant the relief that Kibler seeks.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).
[3] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).
[4] 11 Del. C. § 4334(c) (2007).
[5] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).