IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONIO D. PERRY, | § | |
| | § | No. 552, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1502011219 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 15, 2018
Decided: January 28, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)  In 2016, Antonio Perry pleaded guilty to a drug offense and was sentenced to fifteen years of Level V imprisonment suspended for Level III probation.  In January 2017, the Superior Court found Perry in violation of probation and re-sentenced him to fifteen years of Level V imprisonment suspended for one year of the Level IV Crest Program and one year of Crest Aftercare at Level III.

(2)  Perry was transferred to a community correctional facility in May 2017 to begin serving the Level IV work release component of the Crest Program.  On

August 26, 2017, Perry failed to return to the facility after leaving on an approved work pass. Perry remained at large until September 18, 2018, when he turned himself in to the police.

(3) Perry was charged with a violation of probation. The violation report alleged that Perry's abscondence from custody violated three conditions of his Level IV supervision, namely: he committed a criminal offense—Escape after Conviction[1]—during the supervision period; he failed to abide by the rules and regulations of the correctional facility and work release program; and he failed to comply with the terms of his sentence.

(4) At a hearing on October 8, 2018, the Superior Court found Perry in violation of probation and re-sentenced him to fourteen years of Level V incarceration suspended, after successful completion of the Level V Key Program, for ninety days of Level IV work release followed by one year of Level III Crest Aftercare. This appeal followed.

(5) On appeal, Perry argues that the Superior Court's finding of a violation of probation should be reversed and the sentence discharged because, on October 12, 2018, four days after the violation of probation hearing, the pending escape

---

[1] 11 *Del. C.* § 1253 (codifying the offense escape after conviction).

charge was dismissed. We review the Superior Court's revocation of probation for an abuse of discretion.[2]

(6)     We find no abuse of discretion in the Superior Court's revocation of Perry's probation. Perry is mistaken that the disposition of his violation of probation charge hinged on the disposition of the pending escape charge. The Superior Court has the authority to revoke a defendant's probation for incurring a new criminal charge notwithstanding the later dismissal of that charge.[3]

(7)     A revocation of probation requires only "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4] Perry does not dispute that he failed to return to the correctional facility as required and that he remained at large for more than a year. His unauthorized departure from custody violated the rules and regulations of the correctional facility and work release program, the terms of his sentence, and the conditions of his Level IV supervision.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ Gary F. Traynor*
Justice

---

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[3] *Cruz v. State*, 990 A.2d 409, 414–16 (Del. 2010).
[4] *Kurzmann*, 903 A.2d at 716 (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).