IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE B. SHAW, | § | |
| | § | No. 156, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1111014713 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 12, 2021
Decided: September 23, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, George Shaw, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shaw's opening brief that his appeal is without merit. We agree and affirm.

(2)     On September 5, 2012, Shaw pleaded guilty to one count of aggravated intimidation and one count of stalking. Following a presentence investigation, the Superior Court sentenced Shaw as follows: for aggravated intimidation, to eight years of Level V incarceration, suspended after six years for decreasing levels of

supervision; and for stalking, to three years of Level V incarceration, suspended after two years for one year of Level III probation. Shaw did not appeal.

(3) On October 27, 2020, while Shaw was serving the Level IV portion of his sentence, Shaw's probation officer filed an administrative warrant with the Superior Court. The warrant alleged that Shaw had violated the terms of his probation because (i) he had broken the Plummer Center's rules by, among other things, engaging in disruptive and threatening behavior and (ii) he was facing new charges for terroristic threatening. On December 8, 2020, the Superior Court found Shaw in violation of the terms of his probation and sentenced him to an aggregate of three years of Level V incarceration, suspended after one year for eighteen months of Level III probation. Shaw did not appeal. Instead, Shaw filed a motion for the correction of an illegal sentence under Superior Court Rule 35(a). The Superior Court denied the motion, and this appeal followed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[2] *Id.*

2

internally contradictory, omits a term required to be imposed by statute, is uncertain to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5)    In his opening brief on appeal, Shaw argues that his sentence exceeds statutory limits, his sentence is excessive, and the Superior Court sentenced him with a "closed mind." We find no merit to Shaw's claims. When sentencing a defendant for a violation of probation, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4] Shaw was originally sentenced for aggravated intimidation to eight years of Level V incarceration. Two years of this term was suspended. And Shaw was originally sentenced for stalking to three years of Level V incarceration. One year of this term was suspended. Thus, when Shaw was found in violation of the terms of his probation, the Superior Court had the authority to impose a sentence of up to three years of Level V incarceration. Accordingly, the Superior Court's sentence of three years of Level V incarceration, suspended after one year for eighteen months of Level III probation, does not exceed statutory limits and is not excessive. As for Shaw's claim that the Superior Court sentenced him with a closed mind, Shaw has presented no evidence that the court's sentence is based on a

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] *Dickerson v. State*, 2013 WL 1559650, at *1 (Del. Apr. 11, 2013).

"preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[5] *Cruz v. State*, 990 A.2d 409, 416 (Del. 2010).