IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER J. FRAY,     §
           § No. 352, 2021
   Defendant Below,     §
   Appellant,       § Court Below—Superior Court
           § of the State of Delaware
   v.          §
           § Cr. ID No. 1912020775 (K)
STATE OF DELAWARE,     §
           §
   Appellee.       §

Submitted: July 22, 2022
Decided:   August 22, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1) The appellant, Christopher J. Fray, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) In July 2020, a grand jury charged Fray with multiple drug and weapon offenses. In January 2021, Fray pleaded guilty to possession of a deadly weapon, possession of a firearm by a person prohibited, and drug dealing. The parties recommended a sentence of nineteen years of Level V incarceration suspended after two years for decreasing levels of supervision that included TASC monitoring. The

Superior Court immediately sentenced Fray, effective December 5, 2019, to the recommended sentence. Fray did not appeal.

(3) In late August 2021, Fray began serving the Level IV portion of his sentence at the Plummer Community Correctional Center. In September 2021, the Department of Correction ("DOC") filed an administrative warrant and a VOP report. The VOP report alleged that Fray had violated his probation: (i) by committing a program violation for being off limits and smoking on September 1, 2021, and (ii) by failing to abide by the Center's rules and regulations when he was observed smoking and appearing to be under the influence on September 9, 2021. During a search of the room where Fray was seen smoking on September 9, 2021, Center personnel found two lighters and a leafy substance consistent with synthetic cannabis.

(4) At the VOP hearing, Fray's counsel informed the court that she had discussed the allegations in the VOP report with Fray and that he admitted to the program violation. For sentencing, she requested Level IV time with programming in DOC's discretion, rather than Level V time, with programming in DOC's discretion as recommended in the VOP report. Fray told the court that he took full responsibility for his actions, and that he wanted to get treatment and return to his family in Florida as soon as he could. The Superior Court found that Fray had violated his probation and sentenced him to 17 years of Level V incarceration

2

suspended after one year of Level V incarceration with programming in DOC's discretion for one year of Level III probation with TASC monitoring. This appeal followed.

(5) On appeal, Fray argues that he did not possess any contraband, that he wanted a urine screen, but no such screen was performed, the contraband was not found on him, but in a common area, and that someone else admitted that the contraband belonged to them. He requests a lesser sentence with no probation so he can return to Florida.

(6) We review the Superior Court's finding of a VOP for abuse of discretion.[1] Unlike a criminal trial, the State is only required to prove a VOP by a preponderance of the evidence that the defendant violated the terms of his probation.[2] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[3] Regardless of Fray's new claims on appeal, his admission to a program violation at the VOP hearing constituted sufficient competent evidence to revoke his probation.[4]

[1] *Cruz v. State*, 990 A.2d 409, 412 (Del. 2010).
[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[3] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).
[4] *Davis v. State*, 2021 WL 223526, at *1 (Del. Jan. 21, 2021); *Thompson v. State*, 2016 WL 4427177, at *2 (Del. Aug. 19, 2016); *Smith v. State*, 2014 WL 5421251, at *2 (Del. Oct. 23, 2014); *Collins v. State*, 897 A.2d 159, 161 (Del. 2006).

(7)     To the extent Fray challenges his VOP sentence, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[5]  Once Fray committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[6]  The VOP sentence imposed by the Superior Court—17 years of Level V incarceration suspended after one year for one year of Level III probation—did not exceed the Level V time previously suspended and was within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Kurzmann*, 903 A.2d at 714.
[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del.2005).

4