Edward C. GIBBS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 263, 1999.

Supreme Court of Delaware.

Submitted: June 20, 2000.
Decided: Aug. 28, 2000.

E. Stephen Callaway, Office of Public Defender, Georgetown, Delaware, for appellant.

Kim Ayvazian, Department of Justice, Georgetown, Delaware, for appellee.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The defendant-appellant, Edward C. Gibbs, was charged with Second Degree Rape Without Consent.[1] The Department of Probation and Parole filed a violation of probation report with the Superior Court based upon Gibbs' arrest for that charged offense. Following a jury trial in the Su-

---

1. 11 *Del.C.* § 772(a)(1).

perior Court, Gibbs was acquitted of the charge. Gibbs was subsequently found to have violated his probation and was sentenced to be incarcerated for 6 years at Level V.

This is Gibbs' direct appeal. The sole issue presented to this Court is an argument that it was abuse of discretion for the Superior Court not to appoint counsel to represent Gibbs at the probation revocation hearing. We have concluded that the Superior Court did abuse its discretion.

### Facts

On November 17, 1998, Gibbs was arrested on a charge of Rape Second Degree Without Consent for an offense that allegedly occurred between November 5th and 6th, 1998. At the time of his arrest, Gibbs was on probation for a prior offense. Gibbs was indicted on December 14, 1998 by a Sussex County grand jury on the charge of Second Degree Rape.

Due to Gibbs' probationary status at the time of his arrest, the Department of Probation and Parole filed a violation of probation report on May 19, 1999 with the Superior Court in Sussex County based upon the charged offense. The report also alleged that Gibbs failed to report his change of residence in a timely fashion, and that he violated his curfew. On May 20, 1999, Gibbs received Notice of his Violation of Probation hearing pursuant to Superior Court Criminal Rule 32.1. The Notice stated that the hearing was scheduled for June 4, 1999, and that Gibbs, if he desired to be represented by counsel at the hearing, should contact his attorney.

On May 27, 1999, Gibbs went to trial on the charge of Rape Second Degree Without Consent. Gibbs was represented at trial by appointed counsel. Jury deliberations began on the same day as the commencement of the trial and continued for three hours. The jury returned a "not guilty" verdict.

On May 27, 1999, immediately upon the conclusion of the trial, Gibbs was arrested on a new charge of Rape Second Degree Without Consent. This incident was also alleged to have occurred between November 5th and 6th, 1998. That new charge, however, involved a different victim.

On June 4, 1999, eight days after his acquittal on the first charge, Gibbs appeared without counsel for his scheduled Violation of Probation ("VOP") hearing. The hearing was conducted before the same judge who presided at Gibbs' criminal trial. At the hearing, the Department of Probation and Parole acknowledged that Gibbs had been acquitted on the first charge, but requested that the Superior Court permit an amendment to the original violation of probation report filed on May 19, 1999 to reflect the new arrest date of May 27, 1999 for the second charge.

Without either ruling on the request for an amendment or hearing any evidence from the State or Gibbs, the judge *sua sponte* found by a preponderance of the evidence that an offense had been committed and that Gibbs had violated his probation. The judge stated that his finding was based on the evidence he heard at the May 27th trial and that, although Gibbs was found not guilty by the jury, the standard of proof for a finding of guilt was lesser at a VOP hearing, i.e., preponderance of the evidence.

The judge revoked Gibbs' probation. Gibbs was sentenced immediately to seven years and nine months of incarceration at Level V, with credit for time served. After Gibbs serves six years of the sentence, the balance will be suspended for Level IV Home Confinement, which could subsequently be reduced to a lower level of supervision when deemed appropriate by the probation officer.

After the judge's finding of a probation violation and sentencing, the State then sought to have Gibbs' Risk Assessment Tier Level, as a sex offender, increased from Level II to Level III based on two

prior convictions.[2] The judge determined that Gibbs should have appointed counsel present before he would consider the State's request because placing Gibbs in a higher tier level would subject him to more severe consequences and a closer level of supervision by the State. The judge decided to appoint counsel for Gibbs and schedule another hearing to address the issue of Gibbs' Risk Assessment Tier Level.

### Violation Of Probation Hearing

The United States Supreme Court has held the "minimum requirements of due process" requires that a probationer receive notice of the alleged violations of probation, an opportunity to appear and present evidence, a conditional right to confront adverse witnesses, and an independent decisionmaker.[3] The Court stated that although these requirements provide substantial protection to the probationer, there may be circumstances where representation by counsel may also be necessary.

> Despite the informal nature of the [revocation of probation] proceedings and the absence of technical rules of procedure or evidence, the unskilled or uneducated probationer or parolee may well have difficulty in presenting his version of a disputed set of facts where the presentation requires the examining or cross-examining of witnesses or the offering or dissecting of complex documentary evidence.[4]

Although the United States Supreme Court did not announce a specific constitutional rule with respect to the requirement of counsel at revocation of probation hearings, it did hold that there remained certain cases in which fundamental fairness—the touchstone of due process—would require that the State provide at its expense counsel for indigent probationers or parolees.

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.[5]

■ The Delaware Superior Court Criminal Rules set forth procedural requirements regarding revocation of probation hearings that are intended to comport with the protections of the Due Process

---

**2.** 11 *Del.C.* § 4121. All persons convicted or adjudicated delinquent after June 27, 1994 for any sexual offense enumerated in this section, and all persons convicted on or before June 27, 1994 for any of the enumerated sexual offenses who are serving a sentence of probation or parole as of September 1, 1998 shall be designated as a sex offender upon motion of the State and a hearing. Any person designated as a sex offender must register with the State. Sex offenders shall be assigned to a Risk Assessment Tier based on the severity of their crimes, with Risk Assessment Tier III being the highest and carrying the harshest penalty. If the sex offender is designated to Risk Assessment Tier III, that person must comply with the registration requirements for life. Risk Assessment Tiers I and II provide that the sex offender must comply with the registration requirements for a lesser period of time.

**3.** *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

**4.** *Id.* at 786–87, 93 S.Ct. 1756.

**5.** *Id.* at 790–91, 93 S.Ct. 1756.

Clause of the Fourteenth Amendment.[6] Delaware Superior Court Criminal Rule 32.1 provides:

(a) Revocation of partial confinement or probation. Whenever a person is taken into or held in custody on the grounds that the person has violated a condition of partial confinement or probation, the person shall be brought without unreasonable delay before a committing magistrate or a judge of Superior Court for the purpose of fixing bail and, if not released on bail, shall be afforded a prompt hearing before a judge of Superior Court on the charge of violation. The person shall be given:

(A) Written notice of the alleged violation;

(B) Disclosure of the evidence against the person;

(C) An opportunity to appear and to present evidence in the person's own behalf;

(D) The opportunity to question adverse witnesses; and

(E) Notice of the person's right to retain counsel and, in cases in which fundamental fairness requires, to the assignment of counsel if the person is unable to obtain counsel.

(b) Modification of partial confinement or probation. The requirements of subdivision (a) of this rule shall apply before the terms or conditions of partial confinement or probation can be modified, unless the relief to be granted to the person on partial confinement of probation upon the person's request or the court's own motion is favorable to the person, and the attorney general, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected. An extension of the term of partial confinement or probation is not favorable to the person for purposes of this rule.[7]

### Gibbs' Rights Denied

 The Superior Court has broad authority to terminate probationary sentences "at any time."[8] The Superior Court also has the authority to revoke Gibbs' probation notwithstanding his acquittal of criminal charges involving the same conduct that gave rise to the violation of probation hearing.[9] In Gibbs' case, this Court must determine whether the circumstances of the VOP hearing comported with the requirements of Rule 32.1 and if fundamental fairness required the appointment of counsel.

The record reflects that the violation of probation hearing conducted by the trial judge failed to comport with the requirements of Superior Court Criminal Rule 32.1. According to the VOP hearing transcript, the trial judge did not give Gibbs an opportunity to present evidence in his own behalf or even require the State to present any adverse witnesses for cross-examination regarding the alleged violation of probation on which the original report was based. Instead, acknowledging that Gibbs had been acquitted on the criminal charges involving the same alleged conduct, the trial judge *sua sponte* decided to base his probation violation decision on the evidence presented at the May 27th criminal trial. Consequently, the trial judge simply began the violation of probation hearing by announcing that he found by a preponderance of the evidence heard at the criminal trial that Gibbs had committed the criminal conduct for which he had been acquitted, thus violating his probation.

The record reflects that, after the trial judge summarily announced his *sua sponte* finding of a violation of probation based on

---

**6.** *See Black v. Romano*, 471 U.S. 606, 610, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). *See also Bearden v. Georgia*, 461 U.S. 660, 666, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

**7.** Supr.Ct.Crim.R. 32.1.

**8.** 11 *Del.C.* § 4333.

**9.** *See Brown v. State*, Del.Supr., 249 A.2d 269 (1968).

what he heard at Gibbs' May 27th trial, it became clear that Gibbs did not understand the violation of probation proceedings. Nevertheless, the trial judge did not appoint counsel for Gibbs and reopen the hearing. Only after revoking Gibbs' probation did the trial judge decide to provide Gibbs with appointed counsel. That appointment of counsel was only to provide representation for Gibbs during the determination of the Risk Assessment Tier Level to which he should be assigned as a violent sex offender.

Although a probationer accused of a violation is not entitled to a formal trial,[10] the person may be entitled to be represented by counsel in an extraordinary case where fundamental fairness so requires.[11] When a violation of probation hearing follows an acquittal after a criminal trial for the same alleged conduct, it is one of the exceptional VOP proceedings in which fundamental fairness requires that the State provide the probationer with counsel. The Superior Court abused its discretion by not appointing an attorney to represent Gibbs at the violation of probation hearing, following his acquittal at the prior criminal trial.

The record of events at the June 4th VOP hearing compels our conclusion that the assistance of counsel was necessary to protect Gibbs' due process rights. An attorney could have responded to the trial judge's *sua sponte* summary finding of a violation of probation without the presentation of any evidence. An attorney would best be able to argue why the facts that led to Gibbs' acquittal also supported a finding of no probation violation, even with the lesser "preponderance" standard of proof requirement.

### Conclusion

The Superior Court abused its discretion by not appointing counsel for Gibbs prior to the commencement of the VOP hearing. Gibbs is entitled to a new VOP hearing (i) upon notice, pursuant to Superior Court Criminal Rule 32.1; and (ii) with Gibbs having the continued representation of appointed counsel. This judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with this Opinion.

---

**10.** *See* 11 *Del.C.* § 4334(c) (establishing that a VOP hearing may be informal or summary); *see also Brown v. State,* Del.Supr., 249 A.2d 269, 272 (1968) (providing that hearsay evidence is admissible at a VOP hearing so long as there is competent evidence to prove the alleged violation.)

**11.** *Perry v. State,* Del.Supr., 741 A.2d 359 (1999). *See also Jones v. State,* Del.Supr., 560 A.2d 1056 (1989).