IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARTIN W. THOMPSON, § 
§ No. 151, 2018
Defendant Below- §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 1508021572 (N)
Plaintiff Below- §
Appellee. §

Submitted: May 8, 2018
Decided: July 9, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Martin Thompson, filed this appeal from the Superior Court's order sentencing him for his third violation of probation (VOP). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Thompson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Thompson pled guilty in March 2016 to second degree robbery and second degree conspiracy. The Superior Court immediately sentenced him as follows: (i) for second degree robbery, five

years at Level V imprisonment, suspended entirely for one year at Level III probation followed by one year at Level II probation; and (ii) for second degree conspiracy, two years at Level V imprisonment suspended for one year at Level III probation. Thompson did not file a direct appeal.

(3) Thompson was found in violation of his probation on August 17, 2016 and again on March 8, 2017. In sentencing him on both his first and second VOP, the Superior Court suspended all of Thompson's Level V time for lower levels of supervision.

(4) On November 30, 2017, while on Level III probation, police issued warrants for Thompson's arrest for harassment, theft, and unlawful use of a credit card. As a result of these new charges, Thompson was charged with his third VOP. The VOP report alleged that Thompson had violated his probation by committing new criminal offenses, by failing to report to his probation officer on two occasions, by failing to attend court-ordered programs and obtain employment, and by breaking curfew.

(5) Thompson failed to appear at the VOP hearing scheduled for January 24, 2018, and a capias was issued for his arrest. On March 6, 2018, the Superior Court found Thompson in violation of probation and sentenced him as follows: (i) for second degree robbery, four years and ten months at Level V imprisonment (with credit for 19 days previously served), to be

suspended upon successful completion of the Key Program for two years at Level IV Crest, to be suspended upon successful completion of Level IV Crest for one year at Level III Crest Aftercare; and (ii) for second degree conspiracy, two years at Level V imprisonment, suspended entirely for two years at Level III probation. Thompson appeals this sentence.

(6) In his opening brief on appeal, Thompson contends that he should not have been found in violation of his probation because the new criminal charges against him were dismissed by the Family Court. Furthermore, he argues that his technical violations of his probation did not warrant the Superior Court sentencing him to complete the Key/Crest program. Thompson contends he only failed to report because his mother was diagnosed with brain cancer and he was her sole caretaker and that his probation officer was aware of his situation.

(7) We review the Superior Court's revocation of a defendant's probation for abuse of discretion.[1] In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[2] A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] *Id*.

conduct of the probationer has not been as good as required by the conditions of probation."[3]  Because proof of a VOP is less than the "reasonable doubt" standard of a criminal trial, we have held that Superior Court has the authority to revoke a defendant's probation for incurring new criminal charges notwithstanding the later dismissal of those charges.[4]

(8)  Thus, we find no merit to Thompson's argument that the Superior Court could not find him in violation of his probation based on new criminal conduct when the charges were later dismissed.  To the extent that Thompson may be challenging the sufficiency of the State's evidence to prove his VOP based on new criminal conduct, we are unable to review that claim because Thompson failed to request and provide a transcript of the VOP hearing to support such a claim.[5]  Moreover, Thompson does not dispute that he violated probation by his failure to report, which alone forms a sufficient basis for the Superior Court's VOP finding.

(9)  Moreover, we find no merit to Thompson's argument challenging the severity of his VOP sentence.  In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to

---

[3] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[4] *Hearn v. State*, 2011 WL 6808013, *1 (Del. Dec. 21, 2011).  *See also Gibbs v. State*, 760 A.2d 541, 544 (Del. 2000) (holding that the trial court may revoke probation notwithstanding the defendant's acquittal on the underlying charges that gave rise to the VOP charge).

[5] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

and including the balance of the Level V time remaining to be served on the original sentence.[6] In this case, the Superior Court sentenced Thompson to complete the Level V Key Program, followed by decreasing levels of supervision at Level IV Crest and Level III Crest Aftercare. Under the circumstances, the sentence was far less than the Level V time remaining on Thompson's original sentence. We conclude that the sentence was neither arbitrary nor excessive and does not reflect any evidence of a closed mind by the sentencing judge.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] 11 *Del. C.* § 4334(c).