IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS L. COLLICK, | § | |
| | § | |
| Defendant Below, | § | No. 322, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1705015030 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 30, 2018
Decided: October 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1) The appellant, Curtis L. Collick, filed this appeal from the Superior Court's May 24, 2018 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Collick's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on February 5, 2018, Collick pled guilty to Possession of Firearm Ammunition Prohibited ("PAFBPP"). The Superior Court sentenced Collick to eight years of Level V incarceration, with credit for 168 days,

suspended after 200 days, for one year of Level III probation. The sentence also required Collick to be evaluated for substance abuse, follow any treatment recommendations, and comply with any special conditions imposed by his probation officer. Collins did not appeal the Superior Court's judgment.

(3) On May 15, 2018, an administrative warrant was filed for Collick's VOP. The warrant alleged that Collick: (i) failed to report to his probation officer on April 16, 2018 and May 7, 2018; (ii) failed to report for a risk assessment on April 23, 2018; (iii) admitted to his probation officer that he had been abusing cocaine; and (iv) submitted a urine sample on April 23, 2018 that tested positive for cocaine. On May 23, 2018, Collick's probation officer filed a probation report, alleging that in addition to the violations identified in the warrant, Collick had been arrested for Assault in the Second Degree on a Law Enforcement Officer while he was in custody at the VOP Center.

(4) After a VOP hearing on May 24, 2018, the Superior Court found that Collick had violated his probation and sentenced him to seven years of Level V incarceration, suspended after six months for decreasing levels of supervision. The Superior Court ordered Collick to complete an intensive outpatient treatment program while he was on Level III probation. This appeal followed.

(5) In his opening brief, Collick argues that: (i) he could not have failed to report for risk assessment on April 23, 2018 and submitted a urine sample for drug

screening on the same day; (ii) a witness at his VOP hearing had a conflict of interest and was vindictive; (iii) his VOP hearing should have been postponed until after the new charge of Assault in the Second Degree on a Law Enforcement Officer was resolved; and (iv) the Superior Court could not find he violated his probation unless, and until, he was found guilty of Assault in the Second Degree on a Law Enforcement Officer. As the appealing party, Collick has the burden of producing "such portions of the…transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "all evidence relevant to the challenged finding or conclusion."[1] Collick failed to designate the transcript of the May 24, 2018 VOP hearing. We cannot review Collick's claims in the absence of a transcript of VOP hearing.[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] Supr. Ct. R. 14(e).

[2] *See, e.g., Martin v. State*, 2016 WL 552686, at *2 (Del. Feb. 10, 2016) (holding that failure to provide transcript of VOP hearing precluded review of claims of error on appeal). We note that the State was not "obligated to pursue the new criminal charge before it proceeded with the VOP charge." *Diaz v. State*, 2014 WL 1017480, at *2 (Del. Mar. 13, 2014). "The Superior Court also has the authority to revoke [a probationer's] probation notwithstanding his acquittal of criminal charges involving the same conduct that gave rise to the violation of probation hearing." *Gibbs v. State*, 760 A.2d 541, 544 (Del. 2000).