IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN A. WALKER, | § | |
| | § | No. 183, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | I.D. No. 1607007865 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 6, 2018
Decided: February 21, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

Upon appeal from the Superior Court. **REVERSED**.

Stephanie Blaisdell, Esquire, Assistant Public Defender, Dover, Delaware, for Appellant, Kevin A. Walker.

John Williams, Esquire, Deputy Attorney General, Dover, Delaware, for Appellee, State of Delaware.

**VAUGHN**, Justice:

# I. INTRODUCTION

Appellant, Kevin A. Walker, appeals from a Superior Court order finding that he violated the terms of his probation. The issue we address is whether evidence seized as a result of an unlawful administrative search of Walker's residence should have been suppressed from use as evidence at his violation of probation hearing.

# II. FACTS AND PROCEDURAL HISTORY

Walker began probation on May 10, 2017, as a result of a felony driving-under-the-influence conviction. On June 1, 2017, the State received a tip from a past-proven reliable informant that Walker had heroin in his home that he planned to distribute. On June 5, 2017, Delaware probation officers conducted an administrative search of Walker's residence pursuant to an administrative warrant. Administrative warrants and searches are authorized by 11 *Del. C.* § 4321(d), which permits the State to conduct administrative searches of probationers that are "in accordance with Department [of Correction] procedures." The Department of Correction promulgated Probation and Parole Procedure 7.19 ("Procedure 7.19"), which sets out the procedural requirements for conducting administrative searches.[1]

During the search, probation officers discovered 252 bags of heroin, drug paraphernalia, and a locked safe. The officers took the safe to Delaware State

---

[1] *See Culver v. State*, 956 A.2d 5, 10-11 (Del. 2008) (en banc) (discussing the requirements of Procedure 7.19).

Police Troop 3. After the officers opened the safe there, they found a loaded 9mm handgun, five doses of Suboxone,[2] and five grams of marijuana. The Delaware State Police then arrested Walker and took him to the Sussex Correctional Institution ("SCI"). At SCI, correctional officers found 86 bags of heroin and nine grams of crack cocaine inside Walker's rectum.

In the criminal proceeding based on the new charges, Walker filed a motion to suppress all the evidence found as a result the administrative search, claiming that the search was not conducted in accordance with the provisions of 11 *Del. C.* § 4321(d) and Procedure 7.19. At the suppression hearing, the Superior Court, guided by our decision in *Culver v. State*,[3] analyzed the four factors that the probation officer and the officer's supervisor were required to consider under Procedure 7.19 before making the decision to conduct the administrative search. In *Culver*, we explained that Procedure 7.19 requires the following:

> The officer and supervisor will hold a case conference …. During the case conference the supervisor will review the "Yes" or "No" responses of the officer to the following search decision factors:
>
> (1) Sufficient reason to believe the offender possesses contraband.

---

[2] Suboxone is a prescription medication used to treat opiate and opioid addiction but is also frequently itself abused for its narcotic effects.

[3] 956 A.2d 5.

(2) Sufficient reason to believe the offender is in violation of probation/parole.

(3) Information from a reliable informant, indicating offender possesses contraband or is violating the law.

(4) Information from the informant is corroborated.[4]

Where an informant is involved, Procedure 7.19 also requires the officers to consider the detail of the information received from the informant, the consistency of the information, the reliability of the informant in the past, and any reasons why the informant would supply the information.[5]

After considering these factors, the Superior Court concluded that the administrative warrant failed to satisfy Procedure 7.19. In particular, it found there was a lack of detail concerning the informant's tip and that no effort was made at all to corroborate the tip or consider the reason why the informant was supplying information. The court concluded that "there was no attempt to comply with these basic aspects of the probation procedures."[6] Accordingly, the court held that suppression of evidence in the criminal case was an appropriate remedy for the violation of 11 *Del. C.* § 4321(d). The State did not appeal the suppression order.

---

[4] *Id.* at 10 (internal quotation marks omitted).
[5] *Id.*
[6] App. to Appellant's Opening Br. at A33.

3

Instead, the State dismissed the criminal action against Walker but continued to pursue a violation of probation ("VOP").

The Superior Court then held a contested VOP hearing. Applying the balancing test from *Pennsylvania Board of Probation & Parole v. Scott*,[7] the court held that "the exclusionary rule does not apply in violation of probation proceedings, even when the illegal search was a result of an administrative warrant issued and executed by probation officials."[8] The court accordingly denied Walker's motion to suppress the evidence from his VOP proceeding. Walker was then found to have violated his probation, his probation was revoked, and he was resentenced. This appeal followed.

## III. STANDARD OF REVIEW

We review the Superior Court's revocation of a defendant's probation for an abuse of discretion.[9] We review questions of law and alleged constitutional violations *de novo*.[10]

## IV. DISCUSSION

Walker contends that the evidence seized as a result of the administrative search should have been suppressed under both the Fourth Amendment to the U.S.

---

[7] 524 U.S. 357 (1998).

[8] *State v. Walker*, 177 A.3d 1235, 1236 (Del. Super. 2018), available at Appellant's Opening Br. Ex. A.

[9] *Thompson v. State*, 192 A.3d 544, 549 (Del. 2018).

[10] *Zebroski v. State*, 12 A.3d 1115, 1119 (Del. 2010) (en banc).

4

Constitution and Article I, § 6 of the Delaware Constitution. Recently, in *Thompson v. State*, we recognized that the overwhelming weight of federal authority holds that the exclusionary rule of the Fourth Amendment does not apply in VOP proceedings.[11] Our ruling in *Thompson* disposes of Walker's federal claim.[12]

In *Culver*, this Court was confronted with a statutory violation of 11 *Del. C.* § 4321(d) in a criminal proceeding.[13] We concluded that "[w]ithout reasonable suspicion determined in compliance with [the probation officers'] duties under Procedure 7.19, the unlawfully seized evidence . . . should have been suppressed."[14] "To hold otherwise," we reasoned, "would render 11 *Del. C.* § 4321 and the regulations promulgated under it meaningless."[15] This decision was not based on any constitutional basis. As stated in a footnote, "[b]ecause we find that probation officers violated their clear statutory mandate, we do not reach any constitutional questions."[16] The suppression of evidence based on violation of a statute enforces the public policy embodied by the statute and promotes the proper and orderly administration of justice.[17] *Culver* is consistent with other cases from this Court

---

[11] 192 A.3d at 551-552.

[12] *See id.* at 552 ("We have no reason not to follow what appears to be the entirety of the federal weight of authority, and hold that the exclusionary rule does not apply to probation revocation proceedings under Amendments IV and XIV of the Federal Constitution.").

[13] 956 A.2d at 10-11.

[14] *Id.* at 15.

[15] *Id.* at 7.

[16] *Id.* at 7 n.1.

[17] *See Webster v. State*, 213 A.2d 298, 301 (Del. 1965) ("[T]he exclusionary rule with which we deal here [for an alleged statutory violation] is a rule of evidence, adopted by the courts as an

where evidence has been suppressed based upon a statutory, rather than a constitutional, violation.[18]

Here, we are confronted with a statutory violation of 11 *Del. C.* § 4321(d) in a VOP proceeding. We have frequently recognized that the rights of probationers are curtailed as compared to the rights of ordinary citizens.[19] We have also recognized that probation officers are not required to "satisfy each technical requirement of the search and seizure regulations of the Department of Correction" for a search to be reasonable.[20] In this case, however, the Superior Court found that "there was no attempt to comply with . . . basic aspects of the probation procedures,"[21] a finding we accept and which has not been challenged. Because there was no attempt to comply with basic aspects of the probation procedure, we think that the proper and orderly administration of justice calls for suppression, under the statute-based rule enunciated in *Culver*,[22] of the evidence seized in the

instrument to implement the proper administration of criminal justice; and it does not stand upon constitutional grounds.").

[18] *See Vorhauer v. State*, 212 A.2d 886, 892 (Del. 1965) (applying an exclusionary rule based on a violation of a statute requiring the defendant to be presented to a magistrate within twenty-four hours of detention and finding that incriminating statements made after the expiration of that twenty-four-hour period should have been suppressed in a criminal proceeding); *see also Wright v. State*, 633 A.2d 329, 334-35 (Del. 1993) (en banc) (applying the exclusionary rule from *Vorhauer* but finding no statutory violation); *Hanna v. State*, 591 A.2d 158, 162-64 (Del. 1991) (explaining that a failure to comply with 11 *Del. C.* § 2308, which sets the requirements for a nighttime search, is alone sufficient for the evidence to be excluded under the statutory-based exclusionary rule even if there was no constitutional violation).

[19] *E.g.*, *Donald v. State*, 903 A.2d 315, 318-19 (Del. 2006) (en banc).

[20] *Id.* at 319.

[21] App. to Appellant's Opening Br. at A33.

[22] 956 A.2d at 7 n.1, 10-15.

unlawful administrative search. We therefore find it unnecessary to consider Walker's claim under Article I, § 6 of the Delaware constitution.[23]

Accordingly, the judgment of the Superior Court is reversed.

---

[23] *Id.* at 7 n.1 ("We address any statutory violation before reaching questions under the United States and Delaware Constitutions.").