IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISIAH A. TROTTER, | § | |
| | § | No. 53, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2003010493 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 9, 2022
Decided: June 27, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)    The appellant, Isiah A. Trotter, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Trotter's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In January 2021, Trotter pleaded guilty to second-degree robbery as a lesser included offense of first-degree robbery.  The parties agreed to recommend a sentence of five years of Level V incarceration, suspended after time served for one

year of Level III probation. According to the original sentencing order, the Superior Court sentenced Trotter to one year of Level V incarceration suspended immediately for one year of Level III probation. The Superior Court subsequently corrected that sentencing order to reflect the sentence imposed at sentencing—five years of Level V incarceration, suspended immediately for one year of Level III probation.

(3) On September 2, 2021, the Department of Correction filed a VOP report. The VOP report alleged that Trotter had: (i) been arrested in March 2021, May 2021, June 2021, and July 2021, charged with crimes including shoplifting and resisting arrest, and failed to report any of the arrests to his probation officer; (ii) failed to report to his probation officer since February 2021; and (iii) failed to report for a substance abuse evaluation in February 2021 as directed to do so by his probation officer. After a VOP hearing on January 24, 2022, the Superior Court found that Trotter had violated his probation. The Superior Court sentenced Trotter to four years and seven months of Level V incarceration, suspended after ninety days (to be served without the benefit of any early release under 11 *Del. C.* § 4204(k)) for decreasing levels of supervision. This appeal followed.

(4)     In his opening brief, Trotter argues that his right to due process was violated because the Superior Court found a VOP based on new charges that were ultimately dismissed.[1]

(5)     We review the Superior Court's finding of a VOP for abuse of discretion.[2]  Unlike a criminal trial, the State is only required to prove a VOP by a preponderance of the evidence that the defendant violated the terms of his probation.[3]  A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4]  Because proof of a VOP is less than the "reasonable doubt" standard of a criminal trial, we have held that the Superior Court has the authority to revoke a defendant's probation for incurring new criminal charges even if those charges are later dismissed.[5]  We therefore find no merit to Trotter's argument that the Superior Court could not find him in violation of his probation based on new criminal charges that were later dismissed.

---

[1] We take judicial notice of the dockets in Criminal ID Nos. 2103001415, 2104007612, 2105012162, 2105001340, 2106006049, 2107005170, and 2106009680.  According to those dockets, a *nolle prosequi* was entered on March 29, 2022.

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[3] *Id.*

[4] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[5] *Thompson v. State*, 2018 WL 3359557, at *2 (Del. July 9, 2018); *Hearn v. State*, 2011 WL 6808013, *1 (Del. Dec. 21, 2011).  *See also Gibbs v. State*, 760 A.2d 541, 544 (Del. 2000) (recognizing that the trial court may revoke probation notwithstanding the defendant's acquittal on the underlying charges that gave rise to the VOP charge).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice