**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | **ID Nos.  9602012274 and** |
| v. | ) | **and 1202008832** |
| | ) | |
| | ) | **Cr. A. Nos. VN96-02-1641-03 and** |
| ADAM T. WENZKE, | ) | **VN12-03-0407-02** |
| Defendant. | ) | |

Submitted: March 31, 2023
Decided:  May 25, 2023

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE OR MODIFY SENTENCE

This 25th day of May, 2023, upon consideration of the Defendant Adam T. Wenzke's request to reduce his current cumulative period of imprisonment by eliminating the Level V terms imposed for VOP- Robbery First Degree (VN96-02-1641-03) and VOP-Felony Unlawful Use of a Credit Card (VN12-03-0407-02) (D.I. 135, 137),[1] the State's response (D.I. 139), Mr. Wenzke's reply thereto (D.I. 140), and the complete record in this matter, it appears to the Court that:

(1)    On February 9, 2015, Mr. Wenzke pleaded guilty to first-degree robbery, second- degree robbery, and theft of a motor vehicle.[2]  When he committed

---

[1]    To avoid confusion, unless otherwise noted, the Court will reference only the docket entries from Case ID No. 9602012274.

[2]    Plea Agreement and TIS Guilty Plea Form, *State v. Adam T. Wenzke*, ID No. 1405024264 (Del. Super. Ct. Feb. 9, 2015) (D.I. 11).

those crimes in the Spring of 2014, Mr. Wenzke was still on probation for prior robbery and theft-related convictions.[3]

(2) On May 22, 2015, Mr. Wenzke was sentenced to serve: (a) for Robbery First Degree (IN14-06-1159), ten years Level V, suspended after six years at Level V for four years at Level IV-Work Release, suspended after 12 months at Level IV-Work Release for 18 months of Level III probation; (b) for Robbery Second Degree (IN14-06-1160), five years at Level V to be served under the then-extant provisions of 11 *Del. C.* § 4214(a); (c) for Theft of a Motor Vehicle (IN14-05-0897), two years at Level V, suspended after one year at Level V for 12 months of Level III probation;[4] (d) for VOP- Robbery First Degree (VN96-02-1641-03), three years and ten months at Level V; and, (e) for VOP-Felony Unlawful Use of a Credit Card (VN12-03-0407-02), two years at Level V.[5] The terms of confinement were ordered be served consecutively[6] and the overall effective date of Mr. Wenzke's cumulative sentence of 17 years and 10 months is June 6, 2014.[7]

---

[3] *See* VOP Sentencing Order, *State v. Adam T. Wenzke*, ID Nos. 9602012274 and 1202008832 (Del. Super. Ct. Feb. 6, 2014) (D.I. 119) (setting forth the probated terms Mr. Wenzke was serving when he committed his new offenses in May and June of 2014).

[4] Corrected Sentencing Order, *State v. Adam T. Wenzke*, ID No. 1405024264 (Del. Super. Ct. April 18, 2017) (D.I. 49).

[5] VOP Sentencing Order, *State v. Adam T. Wenzke*, ID Nos. 9602012274 and 1202008832 (Del. Super. Ct. May 22, 2015) (D.I. 125).

[6] Corrected Sentencing Order, at 1; 2015 VOP Sentencing Order, at 1.

[7] Corrected Sentencing Order, at 1.

(3)     Through this latest application—which he captions a "Rule 32.1 Motion for Revocation or Modification of partial confinement or probation"—Mr. Wenzke seeks the following relief:

> When I get 10 years in on 6-6-24 . . . movant asks the Court to modify his sentence as follows . . . (CRA #9602164103) 3 yrs. 10 months LV 5 suspended [for] 3 yrs 10 months LV 3 probation . . . As to (CRA #VN1203040702) 2yrs. LV 5 suspended for 2 yrs LV 3 probation.[8]

In other words, Mr. Wenzke is asking the Court to enter an order now that would take effect upon his completion of ten years of imprisonment and would eliminate both Level V terms that were imposed for his violations of probation—*i.e.*, he wants the promise of an almost six-year reduction of his cumulative imprisonment should he behave for the next 13 months.  And Mr. Wenzke suggests he is due this relief due to his exceptional rehabilitation.[9]

(4)     "When addressing a sentence modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."[10] Mr. Wenzke attempts to invoke this Court's Criminal Rule 32.1 when seeking this reduction.[11]

---

[8]   D.I. 137

[9]   D.I. 135, 137, and 140.

[10]   *State v. Tollis*, 126 A.3d 1117, 1119 (Del. Super. Ct. 2016).

[11]   D.I. 135, 137, and 140.

(5)     But Rule 32.1 is no vehicle for seeking the reduction of a Level V term, even one imposed for a prior violation of probation.  Rule 32.1 governs:  (a) the procedures for the revocation proceedings held when one is accused of violating his probation;[12] and (b) an application made by a person (or initiated *sua sponte*)  while she is actually serving partial confinement or probation seeking some favorable adjustment to the terms or conditions of her then-extant partial confinement or probation.[13]  In short, relief in the form of any sort of Level V reduction simply is not cognizable under our Criminal Rule 32.1.

(6)     Rather, the relief sought by Mr. Wenzke—cutting almost six years from his cumulative Level V term that was imposed back in May 2015—is no doubt governed by this Court's Criminal Rule 35(b).[14]

---

[12]   Super. Ct. Crim. R. 32.1(a) (setting forth the procedural requirements for violation of probation proceedings); *id*. at R. 32.1(b) (noting that those procedures "shall apply before the terms or conditions of partial confinement or probation can be modified" in any manner resulting in "[a]n extension of the term of partial confinement or probation [which perforce] is not favorable to the person"—or, put more plainly, a finding of a violation and resultant harsher sentence). *See Gibbs v. State*, 760 A.2d 541, 543-44 (Del. May 22, 2003) (observing that Rule 32.1 "set[s] forth procedural requirements regarding revocation of probation hearings that are intended to comport with the protections of the Due Process Clause of the Fourteenth Amendment").

[13]   Super. Ct. Crim. R. 32.1(b) (the rule can only be invoked by a "person *on partial confinement or probation* upon the person's request or the court's own motion" for "relief" (*i.e.* alteration of "the terms or conditions of partial confinement or probation") that is "favorable") (emphasis added).

[14]   Super. Ct. Crim. R. 35(b) (providing that, if certain requirements are met, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."). *See State v. Comeger*, 2015 WL 74260 (Del. Super. Ct. Jan. 5, 2015) (this Court examines motions to reduce the Level V terms of VOP sentences under Criminal Rule 35(b)); *see also Sample v. State*, 2012 WL 193761 (Del. Jan. 23, 2012) (provisions of Rule 35(b) applied on appellate review of a ruling on a motion to

-4-

(7)     When considering a Rule 35(b) application for sentence reduction, this Court addresses any applicable procedural bars before turning to the merits.[15]

(8)     "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[16]   An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[17]   A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[18]

(9)     The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[19]   "And for the purposes of Rule 35(b), 'extraordinary circumstances'

---

reduce the imprisonment term of a VOP sentence); *Sewell v. State*, 2003 WL 22839962 (Del. Nov. 26, 2003) (same); *Thomas v. State*, 2002 WL 31681804 (Del. Nov. 25, 2002).

[15]   *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[16]   *Redden,* 111 A.3d at 607 (internal citations omitted).

[17]   *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[18]   *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[19]   *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

-5-

have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[20] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[21]

(10) Mr. Wenzke filed this motion almost eight years after he was sentenced. And his claims of rehabilitative efforts and reform are inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[22]

(11) But Mr. Wenzke's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for sentence reduction.

(12) Also found in Rule 35(b) is a separate and unforgiving bar: "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[23] As our Supreme Court and this Court have consistently held, Rule 35(b) strictly prohibits

---

[20] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[21] *Id.*

[22] *See State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden,* 111 A.3d at 607-08.

[23] Super. Ct. Crim. R. 35(b) (emphasis added).

consideration of repetitive requests for sentence reduction.[24] The 90-day jurisdictional limit may have its "extraordinary circumstances" exception, but the bar to repetitive motions has none.[25] No, this bar is absolute, flatly "prohibits repetitive requests for reduction of sentence," and has been understood and applied without fail for decades.[26]

(13) Mr. Wenzke filed a previous motion to reduce his cumulative sentence. Then he asked the Court for reduction via retroactive application of then-recently-revised 11 *Del. C.* § 3901(d) to run these VOP sentences concurrently with the eight-year mandatory term for his new offenses.[27] That application—which too was a Rule 35(b) motion[28]—was denied.[29] "[A] motion is repetitive under Rule 35(b) whenever it is preceded by an earlier Rule 35(b) motion, even if the

---

[24] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016); *Redden,* 111 A.3d at 608–09.

[25] *Culp*, 152 A.3d at 144; *Redden,* 111 A.3d 608–09.

[26] *See Duffy v. State*, 1998 WL 985332, at *1 (Del. Nov. 12, 1998) (As court had denied original, timely Rule 35(b) motion, "Rule 35(b) ceased to be a viable option" for seeking sentence reduction.); *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) ("[M]otion was repetitive, which also precluded its consideration by the Superior Court."); *Jenkins v. State,* 2008 WL 2721536, at *1 (Del. July 14, 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.").

[27] D.I. 126.

[28] *State v. Desmond*, 2019 WL 6699815, at *1 (Del. Super. Ct. Nov. 27, 2019) ("Although Defendant does not specifically cite Superior Court Criminal Rule 35(b) ('Rule 35(b)') in his motion, this motion is clearly a request to modify his sentence to run all sentences concurrently and governed under Rule 35 (b).").

[29] D.I. 134.

subsequent motion raises new arguments" or suggests somewhat different relief.[30]

And so, the Court must deny Mr. Wenzke's Rule 35(b) motion on this basis alone.[31]

(14) All that said, even were Mr. Wenzke able to clear the procedural hurdles, the Court cannot grant the type of relief he requests. As have others, Mr. Wenzke now "asks the Court to monitor his sentence and release him upon some future potential happening"—or put another way, "to engage in a form of judicial parole."[32] That exercise is not sanctioned by Rule 35(b), Rule 32.1, nor any other of this Court's rules of criminal procedure.[33] At this point, Mr. Wenzke's only avenue for the relief he seeks—reduction of his prison term—on the grounds he raises—exceptional rehabilitation—is an application brought by the Department of Correction under 11 *Del. C.* § 4217. [34]

---

[30]   *State v. Dickerson*, 2021 WL 2285238, at *4 (Del. Super. Ct. June 4, 2021) (cleaned up) (citing *Culp*, 152 A.3d at 144).

[31]   *Culp*, 152 A.3d at 145; *Redden,* 111 A.3d 608–09.

[32]   *Tollis*, 126 A.3d at 1123.

[33]   *See id.* at 1120-23; *State v. Sammons*, 2022 WL 58325, at *1 (Del. Super Ct. Jan. 6, 2022) (explaining: "[T]he Court cannot treat the filing of [even] a timely Rule 35(b) motion as a 'placeholder' or 'bookmark' inciting the Court to retain and exercise jurisdiction over the life of an inmate's sentence in contemplation of future events which may or may not occur.").

[34]   *State v. Culp*, 152 A.3d 141, 146 (Del. 2016) ("Rule 35(b) is not the proper vehicle for seeking modification based on rehabilitation. The plain language of Rule 35(b) states that the rule should be construed in conjunction with 11 *Del. C.* § 4217, which allows for a modification of a sentence only upon application by the DOC for 'good cause' shown. 'Good Cause' under Section 4217 expressly includes, among other things, 'rehabilitation of the offender. . . . Thus, Section 4217 is the appropriate mechanism through which a defendant may pursue a sentence modification based upon rehabilitation.'"); *Tollis*, 126 A.3d at 1119 ("Cause to reduce an inmate's level of custody or time to be served via a § 4217 application includes 'rehabilitation of the offender.' And so, claims like Tollis's—if they ever ripen—are properly addressed under title 11, section 4217.") (internal citations omitted); *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Ct. Sept. 25,

Accordingly, the Court must **DENY** Mr. Wenzke's application as incognizable under this Court's Rule 32.1 and procedurally barred under this Court's Rule 35(b).

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary
cc:    Mr. Adam T. Wenzke, *pro se*
       Allison J. Abessinio, Deputy Attorney General
       Gregory E. Smith, Deputy Attorney General

---

2002) ("[S]ince the purpose of 11 *Del. C.* § 4217 is to directly address modification of sentence based on a defendant's rehabilitation efforts, and 11 *Del. C.* §4217 is included within the constructs of Rule (35), it is evident that 11 *Del. C.* § 4217 is the appropriate governing statute through which Defendant may be entitled to a reduction in his sentence based on rehabilitation.").