IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRENCE M. TROTTMAN, | § | |
| | § | |
| Defendant Below, | § | No. 78, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1603008934 (K) |
| | § | |
| Appellee. | § | |

Submitted: September 6, 2024
Decided:     October 31, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Terrance M. Trottman, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  For the reasons set forth below, we affirm the Superior Court's judgment.

(2)     In February 2017, Trottman pleaded guilty to possession of a firearm by a person prohibited ("PFBPP") and possession of a firearm during the commission of a felony ("PFDCF").  The Superior Court sentenced Trottman as follows: (i) for PFBPP, effective March 11, 2016, four years of Level V

incarceration; and (ii) for PFDCF, eight years of Level V incarceration, suspended after three years for one year of Level III probation.

(3) On February 10, 2023, an administrative warrant was filed for Trottman's violation of conditional release and VOP. The report alleged that Trottman was discovered committing new crimes during a traffic stop (weapon and drug offenses), possessed a gun without written approval of his probation officer, failed to report a change in his address, and failed to abide by his curfew. In the new criminal case,[1] Trottman filed a motion to suppress the evidence seized during the traffic stop, which the Superior Court granted. The State subsequently filed a *nolle prosequi* for the charges in Cr. ID No. 2302004798.

(4) At a December 12, 2023 office conference in this case, the Superior Court judge questioned the State's intent not to proceed with the violation of conditional release and VOP based on the granting of the motion to suppress in Cr. ID No. 2302004798.[2] The judge noted the existence of caselaw holding that the exclusionary rule does not apply in VOP proceedings. The judge directed the State to submit its position regarding the use of the suppressed evidence in the VOP

---

[1] We take judicial notice of the docket in Cr. ID No. 2304004798.
[2] During the office conference, the judge referred to an undocketed email from the prosecutor in which the prosecutor apparently stated that the State did not intend to proceed with the violation of conditional release/VOP hearing and referred to *State v. Machin*. In *Machin*, the Superior Court discussed the doctrine of collateral estoppel in declining to dismiss a State indictment based on the United States District Court for the District of Delaware's granting of a motion to suppress in the defendant's federal criminal case because the Assistant United States Attorney had failed to appear for the suppression hearing. 642 A.2d 1235, 1238-42 (Del. Super. Ct. 1993).

2

proceeding and Trottman's counsel to file a response to the State's position. On December 19, 2023, the State advised that it had determined the exclusionary rule did not apply to VOP proceedings and intended to offer the suppressed evidence if the matter proceeded to a contested hearing. Trottman's counsel requested a contested hearing.

(5) At the VOP hearing, the State pursued the allegations that Trottman had violated his conditions of supervision by committing a new criminal offense and possessing a firearm without written approval, but did not pursue the allegations that Trottman had failed to report a change in address or abide by his curfew. Trottman's probation officer testified that Trottman had signed paperwork in which he agreed not to commit new crimes or possess a gun without the written approval of his probation officer while on probation.

(6) Detective Brian Hall and Detective Andrew Valeski of the Delaware State Police testified about the traffic stop of Trottman for failing to wear a seatbelt. Trottman, who was by himself in the car, told Hall that he was driving a rental car obtained by his girlfriend, but that he did not have the rental paperwork. Hall obtained Trottman's license for Valeski to check whether Trottman was wanted or had a criminal history. According to Hall, he directed Trottman to step out of the car because Valeski indicated that Trottman had a criminal history, the stop occurred in a high-crime area, and Trottman appeared nervous. Hall further testified that he

3

conducted a consensual pat-down search of Trottman and found an electronic digital scale in Trottman's right leg pants pocket. A K-9 unit did an open-air sniff of Trottman's car and signaled the presence of drugs. In searching the car, Detective Valeski found a loaded gun concealed between the driver's seat and center console.

(7)     The parties stipulated that the gun was purchased by a different person in 2021. Trottman argued that there was insufficient evidence to show that he was aware of or possessed the gun. The Superior Court concluded that the State had shown by a preponderance of the evidence that Trottman had violated the conditions of his supervision by knowingly possessing a gun as a person prohibited and without the written approval of his probation officer. As to the PFDCF conviction, the Superior Court revoked Trottman's conditional release and noted that he had served that sentence because the maximum release date was March 9, 2023. For the PFBPP conviction, the Superior Court sentenced Trottman, effective March 9, 2023, to five years of Level V incarceration, suspended after three years for decreasing levels of supervision. This appeal followed.

(8)     Trottman argues that his VOP sentence is illegal under Superior Court Criminal Rule 35(a) because it is based on new criminal charges that were dropped after the Superior Court granted his motion to suppress evidence seized during unlawful searches of his person and car. Although couched as a claim of illegal sentence, Trottman is actually challenging the finding of a VOP based on evidence

4

that was suppressed and new criminal charges that were dismissed in Cr. ID No. 2302004798. Trottman did not raise these claims in the VOP proceeding so we review for plain error.[3] Plain error "is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[4]

(9) The exclusionary rule "precludes the introduction of evidence at trial obtained in violation of a defendant's Fourth Amendment right to be free from illegal searches and seizures, including evidence derivatively acquired as a result of the unconstitutional search or seizure."[5] Like many jurisdictions, this Court has held that "the exclusionary rule does not apply to probation revocation proceedings under Amendments IV and XIV of the Federal Constitution."[6] The Superior Court did not

---

[3] Supr. Ct. R. 8.
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[5] *Garnett v. State*, 308 A.3d 625, 642 (Del. 2023).
[6] *Thompson v. State*, 192 A.3d 544, 552 (Del. 2018) (noting that nine United States Circuit of Appeals have held that the exclusionary rule does not apply in probation revocation proceedings). *See also Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 364 (1998) (holding that the exclusionary rule does not apply to parole revocation proceedings); *Walker v. State*, 205 A.3d 823, 825-26 (Del. 2019) (rejecting probationer's argument that evidence seized during an administrative search should have been suppressed under the Fourth Amendment, but recognizing that suppression is appropriate in a VOP proceeding when an administrative search does not comply with 11 *Del. C.* § 4321(c)); *State v. Thackston*, 716 S.E.2d 517, 518-20 (Ga. 2011) (holding that the intermediate appellate court erred in finding that the State could not relitigate a suppression issue in a probation revocation proceeding based on collateral estoppel because the exclusionary rule does not apply to such proceedings); *State v. Caron*, 334 A.2d 495, 499 (Me. 1975) (affirming the trial court's denial of a motion to suppress evidence in a probation revocation proceeding that had been suppressed under the exclusionary rule in a separate criminal case).

therefore commit plain error in relying upon evidence suppressed in Cr. ID No. 2302004798 to find that Trottman had violated his probation by knowingly possessing a gun. Similarly, the dismissal of the charges in Cr. ID No. 2302004798 did not preclude the Superior Court from finding that Trottman had violated his probation by possessing a firearm.[7]

(10) Finally, Trottman's VOP sentence is not illegal. A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[8] Once Trottman committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[9] The Level V time imposed for Trottman's VOP—five years suspended after three years—did not exceed the Level V time remaining on his sentence.

---

[7] *See Thompson v. State*, 2018 WL 3359557, at *1 (Del. July 9, 2018) ("Because proof of a VOP is less than the 'reasonable doubt' standard of a criminal trial, we have held that Superior Court has the authority to revoke a defendant's probation for incurring new criminal charges notwithstanding the later dismissal of those charges."); *Gibbs v. State*, 760 A.2d 541, 544 (Del. 2000) ("The Superior Court also has authority to revoke Gibbs' probation notwithstanding his acquittal of criminal charges involving the same conduct that gave rise to the violation of probation hearing.").

[8] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice