IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LINDSAY MALDONADO, | § | |
| | § | No. 293, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2201007834 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| | § | |
| ESTELLA MALDONADO- | § | No. 97, 2024 |
| QUINONE, | § | |
| | § | Court Below—Superior Court |
| Defendant Below, | § | of the State of Delaware |
| Appellant, | § | |
| | § | Cr. ID No. 2201007855 (N) |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | **CONSOLIDATED** |
| Appellee. | § | |

Submitted: October 23, 2024
Decided: November 4, 2024

Before **VALIHURA**, **TRAYNOR** and **GRIFFITHS**, Justices.

## **ORDER**

On this 4th day of November 2024, after careful consideration of the parties' briefs and consolidated record on appeal, it appears to the Court that:

(1)     Appellant Estella Maldonado-Quinone pled guilty to second-degree assault and third-degree child abuse.[1]  Her co-defendant, Appellant Lindsay Maldonado, pled guilty to an act of intimidation and third-degree child abuse after failing to protect her adoptive son from the abuse.  The Superior Court sentenced Quinone to a total of nine years of incarceration and Maldonado to five years of incarceration.  This is Quinone and Maldonado's consolidated appeal.[2]

(2)     In 2018, Maldonado began fostering M.M., along with his four sisters.[3] Around that time, Maldonado married Quinone, but they did not move into a shared residence—Maldonado lived in Pennsylvania, and Quinone lived in Delaware.[4] About two and a half years into the marriage, Maldonado and the children moved to Wilmington, Delaware to live with Quinone.[5]  M.M. was ten years old at the time, and diagnosed with Autism and Attention Deficit Hyperactivity Disorder

---

[1] There are inconsistent references in the record between "Maldonado-Quinone" and "Maldonado-Quinones."  As confirmed by counsel, "Maldonado-Quinone" is the correct spelling and will be used.

[2] This Court granted Quinone's unopposed motion to consolidate the appeals in the interest of judicial economy and in light of the factual overlap between the records.  Where any factual discrepancy exists, this Court makes a note thereof.

[3] App. to Answering Br. in Opp. to Maldonado Opening Br. at B2.

[4] Id.

[5] Id.

("ADHD").[6]    For nearly a year and a half, M.M. and his siblings lived with Maldonado and Quinone in Wilmington without any reported incidents to police.[7]

(3)    That all changed on January 15, 2022.  After receiving a Division of Family Services hotline report of child abuse, the Wilmington Police Department went to the home to investigate.[8]  The police reported that the foster parents had been "physically abusing and restraining" M.M. for nearly a year and a half.[9]  According to the presentence report, M.M. was routinely handcuffed to the third-floor railing, zip-tied to a wooden beam, and locked in the basement for extended periods of time.[10]  During these periods of confinement, M.M. was forced to use a bucket as a bathroom.[11]  He was often beaten with household instruments, including wire cord, and restricted to a diet of oatmeal and leftover scraps.[12]  Though Maldonado argued that Quinone was the perpetrator of the physical abuse,[13] Maldonado did not report it and threatened the children with separation if they did.[14]

---

[6] *Id*. at B2, B7.

[7] One of M.M.'s sisters tried to involve Pennsylvania child services, but she stated that the agency did not believe the reports of abuse.  App. to Quinone Opening Br. at A50.

[8] App. to Answering Br. in Opp. to Maldonado Opening Br. at B3.

[9] App. to Maldonado Opening Br. at A12.

[10] App. to Answering Br. in Opp. to Maldonado Opening Br. at B3–5.

[11] *Id*. at B4, B5.

[12] *Id.*  The children also stated that on multiple occasions, Quinone forced M.M. to eat feces and his own vomit.  *Id.* at B3, B5.

[13] *Id.* at B9.

[14] *Id.* at B4, B9.

(4)     After the police intervention, M.M. received hospital treatment.[15]  A medical examination revealed that he was underweight.[16]  He also had visible injuries to his legs, as well as evidence of prior injuries.[17]

(5)     Quinone was indicted on several counts of child abuse, assault, possession of a deadly weapon during a felony, endangering the welfare of a child, and act of intimidation.[18]  She pled guilty to second-degree assault and third-degree child abuse.[19]  The State recommended one year of incarceration.[20]

(6)     Quinone did not appear at her initial sentencing hearing, having fled to Tennessee.[21]  After her subsequent arrest, the Superior Court sentenced Quinone to the statutory maximum of one year of incarceration for third-degree child abuse and eight years for second-degree assault.[22]  The court ordered that both counts be served under 11 *Del. C.* § 4204(k).[23]  Under that statute, Quinone became ineligible for any potential "benefit of . . . early release, good time, furlough, work release, supervised

---

[15] App. to Quinone Opening Br. at A14.  Maldonado's presentence report only states that the children were taken to the hospital for evaluation.  *See* App. to Answering Br. in Opp. to Maldonado Opening Br. at B3.

[16] App. to Quinone Opening Br. at A14.

[17] *Id.*

[18] *Id.* at A16–32.

[19] *Id.* at A33.

[20] *Id.*

[21] *Id.* at A4, A96–97.

[22] *Id.* at A105–06.

[23] *Id.* at A104–05.  *See* 11 *Del. C.* § 4204(k).

4

custody[,] or any other form of reduction or diminution of sentence."[24] Sentencing under this statute is commonly referred to as "K time." Quinone now appeals the sentence.

(7) For her part, Maldonado was indicted on nine counts of endangering the welfare of a child, nine counts of child abuse, and four counts of acts of intimidation.[25] She pled guilty to an act of intimidation and third-degree child abuse.[26] The State recommended one year of probation.[27] The Superior Court sentenced Maldonado to five years of incarceration: four years for the act of intimidation and one year for third-degree child abuse.[28] The Superior Court imposed "K time" on the one year of incarceration for the third-degree child abuse charge.

(8) Maldonado moved to modify her sentence and remove the K time designation so that she could be eligible for prison employment.[29] The Superior Court denied the motion.[30] Maldonado now appeals the entire sentence.

---

[24] 11 *Del. C.* § 4204(k).

[25] App. to Maldonado Opening Br. at A20–36.

[26] *Id.* at A66.

[27] *Id*. at A68.

[28] *Id.* at A117–18.

[29] *Id*. at A134.

[30] *State v. Maldonado*, 2023 WL 7277152, at *3 (Del. Super. Nov. 3. 2023).

(9)     On appeal, Quinone argues that the Superior Court sentenced her with a closed mind because it unduly weighed the aggravating circumstances without due consideration to mitigating circumstances.

(10)    Similarly, Maldonado argues that the Superior Court sentenced her with a closed mind, did not properly consider mitigating circumstances, and failed to weigh all the evidence at sentencing.

(11)    This Court reviews the Superior Court's sentences under an abuse of discretion standard.[31]

(12)    Because the sentences were within the statutory maximum for each charge, our review is limited.  "Generally speaking, our review ends upon a determination that the sentence is within the statutory limits."[32]  If the sentence falls within statutory limits, we will remand only if the sentence "is based on (1) factual predicates that are false, impermissible, or lack minimal reliability, or (2) the result of a closed mind or judicial vindictiveness or bias."[33]  A judge sentences with a closed mind when the imposed sentence is "based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[34]

---

[31] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[32] *Id*.

[33] *Ferguson v. State*, 2022 WL 3050691, at *4 (Del. 2022) (citing *Cruz v. State*, 990 A.2d 409, 416 (Del. 2010)).

[34] *Bryant v. State*, 901 A.2d 119, 119 (Del. 2006) (quoting *Cheeks v. State*, 2000 WL 1508578, at *2 (Del. Super. Sept. 25, 2000)).

(13) As to Quinone's appeal, Quinone contends that the Superior Court operated with a closed mind because it put three times the weight on the age of M.M. without considering mitigating factors. We disagree and affirm the judgment of the Superior Court.

(14) There is no support in the record that the Superior Court put undue weight on the age of the victim merely because three of the aggravating factors include age as a characteristic. Three of the six aggravating factors the court considered were: (a) vulnerability of the victim, (b) offense against a child, and (c) child domestic violence victim.[35] That each of the aggravating factors has the overlapping characteristic of an age-related status does not lead to the inference that the court "trebled" the weight of those factors.[36] This contention ignores other characteristics that give independent significance to each factor. For example, the court found the aggravating factor of "vulnerability of the victim" in part because of M.M.'s emotional and social needs from having Autism and ADHD.[37] Similarly, the aggravating factor of being a child domestic violence victim includes the crime of domestic violence. And, even if the court added up the weight of these three

---

[35] App. to Quinone Opening Br. at A101–4.

[36] Quinone Opening Br. at 16.

[37] App. to Quinone Opening Br. at A103 ("I also find vulnerability of the victim. . . .We have children victims here, one who suffered the most of the abuse, had social and emotional special needs that was known to [Quinone].").

factors based on age alone, it recognized additional aggravating factors that provide separate grounds justifying the sentence.[38] We therefore do not find that the Superior Court abused its discretion in sentencing Quinone.

(15) As to Maldonado's appeal, we do not find that the Superior Court demonstrated any preconceived bias or failed to consider the nature of the offense or character of the defendant. Maldonado argues that the Superior Court's request for supplemental memoranda before sentencing evidenced a closed mind. Maldonado interprets this request as an attempt by the Superior Court to find a reason to justify a pre-determined sentence. We find no evidence in the record to support this contention.

(16) Here, given the nature of the abuse and the State's recommendation of one year of probation, it was not improper for the Superior Court to request supplemental memoranda.[39] The court has broad discretion to determine what information it reviews to set an appropriate sentence.[40] The court was also not bound

---

[38] *Id.* at A102. The other aggravating factors that provide separate grounds for justifying the sentence are undue depreciation of the offense, prior abuse of a victim, and lack of amenability to lesser sanctions. *Id*. at A102–03.

[39] App. to Answering Br. in Opp. to Maldonado Opening Br. at B25 ("Counsel, given the nature of the factual basis surrounding the convictions of each defendant, the parties are greatly encouraged to provide a sentencing memorandum prior to Friday's sentencing to provide some background as to how and why the case resolved as it did, and anything further that each party would wish the Court to consider prior to sentencing.").

[40] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992) ("Subject to . . . legal and constitutional constraints, a sentencing court has broad discretion in determining what information to rely on from a presentence report and related sources.").

by the State's recommendation.[41]  We further find no evidence that the court arrived at its sentencing determination without duly considering the record and submissions of the parties.[42]

(17)  The Superior Court also did not improperly weigh mitigating factors in determining the sentence.  The court recognized the role Quinone played in the abuse, Maldonado's lack of criminal history, and Maldonado's remorse at the sentencing hearing.[43]  It also recognized, however, Maldonado's responsibility as a foster parent and the ongoing nature of the child abuse.[44]  Though the court considered non-SENTAC factors, it was not improper to do so.[45]  It appropriately considered other instances of abuse shown on the record and balanced the presence of mitigating factors against several aggravating factors.[46]

---

[41] *Somerville v. State*, 703 A.2d 629, 632–33 (Del. 1997) ("[Plea] agreements are not binding upon the Superior Court.").

[42] App. to Maldonado Opening Br. at A105 ("I have read everything that all parties have submitted."); *id.* at A107 ("I read the entire Presentence Investigation, as well as everything that was submitted to me on behalf of [Maldonado], including the police report."); *id.* at A112 ("I have read your statement that you provided to the Presentence Officer. It was . . . a lengthy statement . . . . I have also . . . read the Sentencing Memorandum.").

[43] *Id.* at A116 ("[I] understand the varying roles here. But I understand your responsibility in their care, as well."); *id.* at A113 ("I find and give to the Defense, that there is no prior criminal conduct . . . . I acknowledge that there is no prior criminal record, and I will find that as a mitigator."); *id.* at A120 ("I do feel that you do have some remorse for what you have inflicted on the children, and that, alone, requires mental health treatment.").

[44] *Id.* at A114.

[45] *Gibson v. State*, 244 A.3d 989, 989 n.1 (Del. 2020) (Table).

[46] *Mayes*, 604 A.2d at 845 (citing *U.S. v. Metz*, 470 F.2d 1140, 1142 (3d Cir. 1972) ("To the extent that these allegations were contained in the indictment, the sentencing court was clearly entitled to

(18) Specifically, the Superior Court identified four SENTAC aggravating factors: (a) undue depreciation of the offense, (b) child domestic violence victim, (c) offense against a child, and (d) vulnerability of the victim.[47] Maldonado argues that, with respect to the child abuse charge, the court improperly considered the factor of the "offense against a child" because that factor is already embedded as an element to the child abuse charge.

(19) It is not entirely clear based on the record whether the Superior Court applied this factor to the child abuse charge. The court listed the factors it deemed applicable in the case as a whole but did not indicate whether they applied to both charges. If the factor of the offense against a child applied to the act of intimidation charge, there is no error.[48] Assuming, however, that the court applied this factor to the child abuse charge, the error is harmless. Other aggravating factors such as the vulnerability of the victim and the ongoing nature of the abuse justify the Superior Court's sentence for the child abuse charge.

---

rely on them because the indictment itself provides sufficient reliability to meet the constitutional standard.")); *see* App. to Maldonado Opening Br. at A20–36.

[47] *Id.* at A113–17.

[48] An act of intimidation charge does not distinguish whether the victim is a minor or not. *See* 11 *Del C.* § 3532 ("A person who knowingly and with malice attempts to prevent another person who has been the victim of a crime, or a witness to a crime (or any person acting on behalf of a victim or witness) from making any report of such crime or victimization to any peace officer, law-enforcement officer, prosecuting agency, probation officer, parole officer, correctional officer or judicial officer.")).

(20) Additionally, Maldonado argues that the Superior Court misapprehended the aggravator of undue depreciation of the child abuse offense by imposing "K time." Undue depreciation of an offense occurs when "[i]t would unduly depreciate the seriousness of the offense to impose a sentence of other than total confinement."[49] Maldonado takes issue with the following lone comment by the trial court: "with respect to one charge, there will be a sentence of total confinement. With respect to another charge, there will not be."[50] But both charges received a sentence of total confinement. Because of this apparent inconsistency, Maldonado believes the court equated total confinement with K time. Perhaps the trial court misspoke, but even so, the presence of the other aggravators justifies the Superior Court's imposition of "K time." We therefore find no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgments are AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[49] *Delaware Sentencing Accountability Commission Benchbook* at 109.

[50] App. to Maldonado Opening Br. at A113–14 ("As for the aggravating offenses, SENTAC will allow a finding of aggravating circumstance for undue depreciation of an offense where it would unduly depreciate the seriousness of the offense to impose a sentence other than total confinement. With respect to one charge, there will be a sentence of total confinement. With respect to another charge, there will not be. But I do find that it would unduly depreciate the seriousness of this offense to sentence other than above the SENTAC Guidelines.").